IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAY CHARLES MILLER                                           PETITIONER

v.                                        CIVIL NO. 1:22-cv-351-HSO-BWR

G.C.R.C.F., et al.                                           RESPONDENTS

<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.   <u>BACKGROUND</u>

Pro se Petitioner Ray Charles Miller ("Petitioner"), an inmate of the Mississippi State Penitentiary in Parchman, Mississippi, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] The Magistrate Judge entered an Order [7] on January 3, 2023, directing Petitioner to file his habeas petition on the proper form. Order [7] at 2. As directed, Petitioner filed his petition for habeas relief on February 13, 2023. Pet. [8] at 1–18; Attach. [8-1] at 1–19. The Magistrate Judge subsequently entered additional Orders [9], [12]

---

[1] On December 23, 2022, an Order [1] was entered severing Petitioner's habeas claims from his § 1983 claims pending in *Miller v. G.C.R.C.F.,* Civ. Action No. 1:22-cv-96-TBM-RPM, and directing the Clerk to open a new 28 U.S.C. § 2254 civil action as to Petitioner's habeas claims in this civil action, 1:22-cv-351-HSO-BWR. Order [1] at 2.

that Petitioner complied with by filing his Responses.  *See* Pet'r's Resp. [10] at 1–5; Resp. [13] at 1–2.

In Petitioner's Response [10] filed on March 27, 2023, he asserts that during a routine traffic stop on August 19, 2019, he was apprehended by Investigators for the Lucedale, Mississippi, Bureau of Investigation, charged with possession of a weapon by a convicted felon, and then incarcerated at the George County Regional Correctional Facility.  Pet'r's Resp. [10] at 1.  Later, while on bond for "the charge of a convicted felon in possession of a firearm," Petitioner's parole for a prior offense was revoked.  *Id*. at 2.  After his August 19, 2019, arrest for possession of a weapon by a convicted felon, Petitioner pled guilty to that charge in the Circuit Court of George County, Mississippi, on January 24, 2022, and received a ten-year sentence as a habitual offender.  *Id*.; Pet. [8] at 1; [8-1] at 1.

Petitioner argues that his parole was wrongfully revoked, and that his sentence for being a convicted felon in possession of a weapon is illegal because that charge was to "be retired to the file in exchange of a technical violation."  *Id*.  According to Petitioner, he "has exhausted his Administrative Remedies with respect to all claims and all defendants."  *Id*.

Petitioner clarifies in his second Response [13] filed on June 22, 2023, that he is challenging the revocation of his parole and his conviction and sentence

2

received in the Circuit Court of George County, Mississippi, for Criminal No. 20-CR-69. Pet'r's Resp. [13] at 1–2. However, Petitioner's Responses [10], [13] do not provide any information establishing that he presented these claims challenging the revocation of his parole and his conviction and sentence in George County Circuit Court as required by the Mississippi Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. §§ 99-39-1 to -29 (1972). Specifically, the Mississippi Uniform Post-Conviction Collateral Relief Act requires a petitioner to file his motion for post-conviction relief in the trial court when challenging a conviction and sentence as a result of a guilty plea and said motion must be filed within three years after the entry of the judgment of conviction. Miss. Code Ann. §§ 99-39-5(2); 99-39-7. Also, a motion for post-conviction relief challenging the validity of a parole revocation must be filed in the trial court, but such a challenge is "[e]xcepted from th[e] three-year statute of limitations." *See* Miss. Code Ann. §§ 99-39-2(b); 99-39-7.

## II. DISCUSSION

A. Relevant legal standard

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008). This Court "may not adjudicate

3

[Petitioner's] habeas petition unless all claims in the petition are exhausted." *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011).

To satisfy the exhaustion requirement, the substance of the federal claim must have been "fairly presented to the highest state court." *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004), *amended on reh'g in part*, 391 F.3d 703 (5th Cir. 2004). A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

B. <u>Revocation of Petitioner's parole</u>

Petitioner has an available state court remedy to challenge his parole revocation under the Mississippi Uniform Post-Conviction Collateral Relief Act. MISS. CODE ANN. § 99-39-1, *et seq*. This statute provides an avenue for an inmate to challenge his incarceration based upon a claim that "his probation, parole or conditional release [was] unlawfully revoked." MISS. CODE ANN. § 99-39-5(1)(h); *Siggers v. State*, 342 So. 3d 1213, 1215 (Miss. Ct. App. 2022), *reh'g denied* (Oct. 18, 2022), *cert. denied*, 354 So. 3d 308 (Miss. 2023) (reviewing petitioner's challenge of his parole revocation under the Mississippi Uniform Post-Conviction Collateral Relief Act).

The Magistrate Judge's Order [12] directed Petitioner to respond whether he challenged the revocation of his parole: (1) by filing "a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29" with the state trial court; (2) by stating whether, if he did not agree with the trial court's decision, he appealed that decision to the Mississippi Supreme Court; and (3) by providing the date and decision of the Mississippi Supreme Court or Mississippi Court of Appeals on any appeal. Order [12] at 4–5. Petitioner's Response [13] did not comply with the Magistrate Judge's directive in this regard, or provide any information stating whether he has filed in the state courts a motion for post-conviction relief challenging the revocation of his parole. Pet'r's Resp. [13] at 1–2.

Because Petitioner has not filed a post-conviction motion under the Mississippi Uniform Post-Conviction Collateral Relief Act challenging the validity of his parole revocation, *see* Miss. Code Ann. § 99-39-5(h), he has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)-(c). *See Smith*, 515 F.3d at 400. Accordingly, this claim must be dismissed without prejudice.

C. <u>Petitioner's criminal conviction and sentence in the Circuit Court of George County, Mississippi</u>

Petitioner entered a guilty plea in the Circuit Court of George County, Mississippi, to the charge of possession of a weapon by a convicted felon and was sentenced to ten years imprisonment as a habitual offender. Attach. [8-1] at 1.

5

The Mississippi Uniform Post-Conviction Collateral Relief Act also provides an avenue for Petitioner to challenge this conviction and sentence. *See* Miss. Code Ann. § 99-39-5(1)(a); *Reardon v. State*, 341 So. 3d 1004, 1007 (Miss. Ct. App. 2022) (considering prisoner's challenge of his guilty plea under the Mississippi Uniform Post-Conviction Collateral Relief Act); *Smith v. State*, 291 So. 3d 1140, 1141 (Miss. Ct. App. 2020) (addressing inmate's challenge of his habitual sentence under the Mississippi Uniform Post-Conviction Collateral Relief Act).

The Magistrate Judge's Order [12] directed Petitioner to respond whether he challenged the conviction and sentence for possession of a weapon by a convicted felon:   (1) by filing "a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29" with the trial court; (2) by stating whether he appealed any decision of the trial court; and (3) by providing the date and decision of the Mississippi Supreme Court or Mississippi Court of Appeals on any such appeal.   Order [12] at 4.   Petitioner did not respond to those questions or otherwise submit information demonstrating that he exhausted his available state court remedies by pursuing a challenge under the Mississippi Uniform Post-Conviction Collateral Relief Act. *See* Pet'r's Resp. [13] at 1–2.

Petitioner has three years from January 24, 2022, when his guilty plea judgment was entered, *see* Pet. [8] at 1, to file a post-conviction motion under the

6

Mississippi Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5(1)(a)-(2). Because Petitioner has an available state court remedy to challenge his conviction and sentence for possession of a weapon by a convicted felon and he has not established that he has filed such a motion with the state court, he has failed to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). *See Smith*, 515 F.3d at 400. This claim must likewise be dismissed without prejudice.

Because Petitioner failed to exhaust his state court remedies prior to seeking habeas relief in this Court, his Petition must be dismissed without prejudice for failure to exhaust available state court remedies.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 15th day of August, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE